IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| DUANE BENSON AND WIFE, SANDRA BENSON | § § § | |
| Plaintiffs, | § § § | |
| v. | § § | No. 5:14-cv-161-JRG |
| RUSSELL'S CUTHAND CREEK RANCH, LTD., DUCKS UNLIMITED, INC., AND NATURAL RESOURCES CONSERVATION SERVICE | § § § § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Dismiss for Lack of Jurisdiction filed by the Defendant Natural Resources Conservation Service ("NRCS") (Dkt. No. 65) (the "Motion to Dismiss") and the Motion for Leave to File a Fourth Amended Complaint filed by Plaintiffs Duane and Sandra Benson (the "Bensons") (Dkt. No. 70) (the "Motion for Leave"). Having considered both motions, the Court **GRANTS** the Motion to Dismiss and **DENIES** the Motion for Leave for the reasons stated below.

I. **Background**

On May 3, 2016 the Court denied NRCS's Motion to Remand for Lack of Subject Matter Jurisdiction Pursuant to 28 U.S.C. 1447(c) (Dkt. No. 48). The relevant facts related to the posture of this case are described in that Memorandum Opinion and Order.

On May 18, 2016, NRCS filed the Motion to Dismiss. (Dkt. No. 65.) In the Motion to Dismiss, NRCS argues that this Court does not have subject matter jurisdiction over claims against

the NRCS because (1) the Federal Tort Claims Act ("FTCA") requires the United States be a named defendant and (2) the United States Court of Federal Claims ("Court of Claims") has exclusive jurisdiction over Plaintiffs' claims for breach of contract and inverse condemnation.

On June 1, 2016, Plaintiff responded to the Motion to Dismiss and requested leave to file their Fourth Amended Complaint. Such amendment would effectively substitute the United States as a party in place of NRCS and would withdraw Plaintiffs' breach of contract and takings claims against the Government. (Dkt. No. 70.) As stated in their motion, Plaintiffs seek leave to amend their Third Amended Complaint so as to: "(1) add the United States as a party defendant, (2) abandon their contract claim as to the United States or any of its agencies, (3) abandon their inverse condemnation claim, (4) limit their claims for injunctive relief to the non-government defendants, and (5) further clarify its existing claims." (*Id.* at 1.) According to Plaintiffs, such an amendment would vest this Court with subject matter jurisdiction. NRCS opposes Plaintiffs' Motion for Leave, arguing that the proposed amendments would be of no effect because the Court would still lack subject matter jurisdiction over Plaintiffs' amended claims.

Whether the Court has subject matter jurisdiction over the amended claims against the United States per the proposed Fourth Amended Complaint or over the unamended claims against NRCS per the Third Amended Complaint, are the subjects to which the Court now turns.

## II.     Plaintiffs' Proposed Amendments Adding The United States As A Party

Federal Rule of Civil Procedure 15(a) states that leave to amend a pleading "shall be freely given when justice so requires." However, it is well established that the Court should not grant leave to amend a pleading if the amended pleading is futile, for example, if the amended claims would be subject to dismissal for lack of subject matter jurisdiction or would fail to state a claim

upon which relief could be granted. *See Spotts v. United States*, 613 F.3d 559, 565 (5th Cir. 2010); *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000).

The FTCA is a broad, but limited waiver of the federal government's sovereign immunity. In pertinent part, the liability of the United States under the FTCA is subject to the "discretionary function" exception. *United States v. Gaubert*, 499 U.S. 315, 322 (1991). Pursuant to this exception, the government does not waive sovereign immunity over claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). The Government argues here that this Court would lack subject matter jurisdiction over Plaintiffs' prospective claims because those claims challenge conduct that involves a discretionary function.

In deciding whether conduct involves a discretionary function, courts apply a two-part test. First, the relevant conduct must involve an element of judgment or choice. *Berkovitz v. United States*, 486 U.S. 531, 536 (1988); *Spotts*, 613 F.3d at 567. However, if a statute, regulation, or policy prescribes or proscribes a certain action, then the agency is bound to act in a particular manner, and the Government is not protected by the discretionary function exception. *Gaubert*, 499 U.S. at 322. Second, even if the action requires judgment or choice, the exception only shields those judgments or choices which are based on considerations of public policy. *Id.* at 322–23. Here, the focus is on the nature of the actions taken and whether they are susceptible to policy analysis. *Id.* at 323, 325; *Gibson v. United States*, 809 F.3d 807, 812 (5th Cir. 2016). While the party asserting federal jurisdiction has the burden of demonstrating that jurisdiction is proper, the circuits are split on the issue of whether the plaintiff

3

or the government bears the burden of establishing that the discretionary function exception applies. *See St. Tammany Parish v. FEMA*, 556 F.3d 307, 315 n.3 (5th Cir. 2009).

Plaintiffs have requested leave to add the United States as a defendant to the tort claims they have brought under the FTCA. NRCS opposes such leave to amend because it argues that the amendments are of no effect since the discretionary function exception bars recovery for any tort claim alleged in the Complaint against the Government. Regardless of which party bears the burden of proof, the Court finds that the discretionary function exception is applicable and as such it bars all of Plaintiffs' prospective tort claims against the United States.

The *Roath* decision from the Eastern District of Wisconsin, while not controlling authority, is helpful and instructive. *Roath v. United States*, 843 F. Supp. 2d 944 (E.D. Wis. 2011). Under substantially similar facts, the *Roath* plaintiffs advanced similar claims against the United States. The Roaths filed a complaint against the United States pursuant to the FTCA in which they alleged that their property suffered damage due to the restoration of wetlands near their property. *Id.* at 946–47. The adjacent landowners granted a 30-year easement on the land contiguous to the Roaths' property to facilitate action by the United States pursuant to the Wetlands Reserve Program ("WRP") intended to improve the condition of certain wetlands, thereby enhancing the area's environment. *Id.* at 947. The Roaths claimed the NRCS caused certain drain tiles to be removed from the easement area which that had been in place since the 1930s, and that the removal of these tiles caused their property to be damaged by excessive water. *See Roath v. United States*, No. 10-C-0228, 2012 WL 4718123, at *2 (E.D. Wis. Sept. 28, 2012). On the pleadings, the *Roath* court held that the Government could not be liable for such claims based on the discretionary function exception.

Here, taking the Plaintiffs' operative allegations as true, the levee system built by Ducks Unlimited (with funding and active oversight by NRCS) pursuant to the WRP has caused flooding, erosion, and related damage to the Benson property. The WRP is a program intended to promote and further certain public policy goals. It is a program that clearly confers discretion to the NRCS. The harm complained of relates to the design and construction of such levees pursuant to the WRP. Therefore, this case falls well within the discretionary function exception. Such a conclusion compels this Court to find that the discretionary function exception applies, and bars any claim directed toward the design and construction of the levee system pursuant to the WRP as implemented upon the Russell property. *See also Oceanview Farms, L.P. v. United States*, 213 F.3d 632 (4th Cir. 2000); *cf. In re Katrina Breaches Litig.*, 616 Fed. App'x 659, 661 (5th Cir. 2015) (noting that regulations that listed extrinsic constraints and considerations, but did not compel a particular method of dredging, left the decision on the manner of dredging to the government based on its evaluation of competing considerations).

Plaintiffs, in their briefing, attempt to elude the logic of the *Roath* decision by focusing on an asserted government duty to monitor, maintain, and operate the levee in question. Plaintiffs claim that such maintenance duties were mandatory and that such maintenance duties are not susceptible to policy analysis. Despite Plaintiffs' briefing, the Court is not convinced that the proposed Fourth Amended Complaint clearly states a claim against the United States for a failure to monitor, maintain, and operate the levee in question. Plaintiffs say that had Defendants "monitored and managed the easement" that they would have "known of the continuing damage to the Benson property," but this only confirms that it is the design and construction of the levee that caused the damage—and not a failure to subsequently maintain the levee. Plaintiffs do not plead

5

any facts that affirmatively suggest that the cause of harm to Plaintiffs' property is the Government's failure to monitor, maintain, or operate the levee on the Russell lands. In fact, every allegation in the proposed Fourth Amended Complaint suggests that the opposite is true. Plaintiffs allege in both their Third Amended Complaint and in their proffered Fourth Amended Complaint that the WRP levee was designed and constructed in a manner which caused injury to Plaintiffs' property. (*See* Dkt. No. 71 at ¶ 13.) These pleadings make clear that because the WRP project worked as intended, it "significantly reduced the width of the once broad and stable floodplain." (*Id.* at ¶ 16.) Such allegations are inapposite to this more recent maintenance theory which Plaintiffs discuss for the first time in their briefing; that Plaintiffs' property was harmed by the Government's failure to ensure that the levee system worked properly, i.e., a failure to maintain and manage the system. The operative allegations as pleaded make it clear that the harm which forms the basis of Plaintiffs' lawsuit arises from the design and construction of the levee and not from some later duty to maintain the levee as built.

In this case, the decisions concerning the design and construction of the levee system directly implicate the mission, policy goal, and regulatory scheme of the WRP as set out in the relevant statutes and regulations governing the WRP, 16 U.S.C. § 3837(c)(1)–(3), 16 U.S.C. § 3837 c(c)(1)–(2), and 7 C.F.R § 1467.4(d)(2). This statutory framework gives the Government wide discretion to administer the program, and this Court properly presumes that the Government's actions are susceptible to policy analysis. *See Gibson*, 809 F.3d at 816. Plaintiffs have not alleged adequate facts to overcome such a presumption. *See id.*

## III. NRCS Is Not A Proper Defendant

Having concluded that amending the complaint to substitute the United States for NRCS would be futile, the Court now turns to the allegations in the Third Amended Complaint, the operative pleading in this case. The question remains of whether the Court has subject matter jurisdiction over Plaintiffs claims against NRCS.

In its Motion to Dismiss, NRCS argues that the FTCA does not vest this Court with subject matter jurisdiction to consider such tort claims brought against a federal agency. Rather than respond to the substance of the Motion to Dismiss, Plaintiff requested leave to amend their Complaint. By foregoing a response, Plaintiffs effectively concede NRCS's argument that this Court does not have subject matter jurisdiction over Plaintiffs claims against NRCS, and the Court agrees.

Regarding the FTCA claims, there are two reasons such claims fail. First, the discretionary function exception bars the claims, as discussed above. Second, the Fifth Circuit has consistently held that a federal agency cannot be sued *eu nomine* under the FTCA. *See, e.g.*, *Galvin v. Occupational Safety & Health Admin.*, 860 F. 2d 181, 183 (5th Cir. 1988). In other words, only the United States is a proper defendant under the FTCA, not an agency or subdivision thereof. Accordingly, all tort claims brought by Plaintiffs against NRCS must be dismissed for lack of subject matter jurisdiction.

Likewise, the remaining contract and takings claims against NRCS must also be dismissed because the Court of Claims has exclusive jurisdiction over such claims. Federal district courts have concurrent jurisdiction over claims against the United States founded either upon the Constitution or upon any express or implied contract with the United States, but only where a

plaintiff's claim does not exceed $10,000 in damages. 28 U.S.C. § 1346(a)(2). While Plaintiffs do not allege the precise amount of damages they seek on their breach of contract or inverse condemnation claims, such claims cannot be reasonably construed to request less than $10,000. Accordingly, all of the remaining contract and takings claims against NRCS must also be dismissed because the exclusive jurisdiction vested in the Court of Claims establishes that this Court lacks subject matter jurisdiction herein. 28 U.S.C. § 1491(a)(1). Given that Plaintiffs intended to abandon their claims for injunctive relief against the Government (as evidenced by their proffered Fourth Amended Complaint), and since any injunctive relief would require an underlying finding of liability on the part of the Government which cannot now occur in this Court, the Plaintiffs' claims seeking injunctive relief as against the NRCS are also dismissed.

## IV. Conclusion

For the reasons set forth herein, the Government's Motion to Dismiss is **GRANTED**, and all claims, including those set forth in Plaintiffs' Third Amended Complaint, against the Natural Resources Conservation Service are **DISMISSED WITH PREJUDICE**. Further, the Plaintiffs' Motion for Leave to Amend its Complaint is **DENIED**, and Plaintiffs' Fourth Amended Complaint is hereby **STRICKEN**.

**So Ordered this**
**Jul 12, 2016**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE